# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JOHN M. FLOYD | CIVIL ACTION NO. 06-1849 |
| VS. | SECTION P |
| CALDWELL CORRECTIONS CENTER, ET AL. | JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C. §1983) complaint filed *in forma pauperis* on October 16, 2006 by *pro se* plaintiff John M. Floyd. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is presently incarcerated at the Caldwell Parish Correctional Center (CCC), Grayson, Louisiana. Plaintiff complains that his sister, Andrea Lewis, was unfairly treated and that she and plaintiff's mother were denied the opportunity to visit him on October 7, 2006. He names Deputy Mable Saxon, Lieutenant Bobby Ray Kelly, and Warden Chris Fredricks as defendants; he seeks compensatory damages for "mental anguish and stress" from these defendants and asks that they be relieved of their duties.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted as provided by 28 U.S.C. §1915(e)(2)(B)(i) and (ii), 28 U.S.C. §1915A(b)(1) and 42 U.S.C. §1997e(c)(1).

## *Statement of the Case*

On October 7, 2006, plaintiff was an inmate in the custody of the LDOC; he was

1

incarcerated at the CCC. On that date, his sister Andrea Lewis, his mother, and others (identified only as "siblings," "infants," and "adults") arrived at CCC to visit with him. Deputy Saxon, who was conducting searches of all female visitors, began to conduct a "frisk" search of Ms. Lewis. According to plaintiff, with respect to the search of his sister, Deputy Saxon "... took this [search] procedure a step further as if she was searching for contraband..." According to plaintiff, "... Ms. Lewis noticed that all the 'white females' visiting were treated as if they were 'celebrities...'"

Plaintiff claims that Saxon "harassed" Ms. Lewis and that harassment resulted in an "altercation" which resulted in Deputy Saxon summoning Warden Fredrick and Shift Lieutenant Bobby Ray Kelly. Kelly ordered Ms. Lewis and her companions to leave the facility. As a result, Ms. Lewis and plaintiff's mother "... went into distress and mental anguish and started crying..." Plaintiff claims that the defendants violated LDOC policy which mandates that all visitors be treated with respect. He claims that the allegations of the complaint establish "'clear and convincing evidence' of Constitutional violations by [the] defendants..."

*Law and Analysis*

*1. Frivolity Review*

When a prisoner[1] sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

---

[1] The term "prisoner" as used in both 28 U.S.C. §1915 and 28 U.S.C. §1915A means "... any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h), 28 U.S.C. §1915A(c). Plaintiff was a "prisoner" as defined by this statute when the events complained of occurred; initial review under the provisions of these statutes is therefore appropriate.

2

28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint and his amended complaint have been reviewed. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that

he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. *Standing*

Article III of the Constitution restricts federal court jurisdiction to questions arising from a "case or controversy." In other words, to seek relief in federal court a plaintiff must show that he suffers from a threatened or actual injury caused by the allegedly illegal actions of the defendant. *Laird v. Tatum*, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Smith v. Price*, 616 F.2d 1371 (5th Cir. 1980). Therefore, "... the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. at 499.

Plaintiff has not shown a threatened or actual injury to himself, and he has no right to assert the threatened or actual injury allegedly sustained by his sister and mother. Since plaintiff lacks standing to assert this claim, his complaint should be dismissed with prejudice as frivolous.

## 3. *42 U.S.C. §1997e*

Even if plaintiff were allowed to amend his complaint to cure this defect in standing and jurisdiction, his claim would fare no better. If allowed to amend his complaint, plaintiff could only assert that the violation of LDOC regulations which resulted in the denial of visitation privileges on October 7, 2006 deprived <u>him</u> of a constitutional right. However, prisoners have no absolute constitutional right of visitation. *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir.1999). Further, the denial of a single visit does not give rise to a constitutional violation. See *id.* Finally, the alleged violation of the prison's visitation policy likewise provides no basis for a constitutional claim. See *Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir.2000).

In addition, it should be noted that plaintiff seeks monetary damages "... for mental anguish and stress..." Plaintiff has not alleged a physical injury resulting from the conduct of the defendants. A prisoner may not maintain an action for monetary damages against state officials based on an alleged constitutional violation absent some showing of a physical injury. § 1997e(e); see also *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005).

## *4. Exhaustion of Administrative Remedies*

Finally, plaintiff's allegations concerning exhaustion of available administrative remedies are ambiguous and contradictory at best. Plaintiff claims that there is no prisoner grievance procedure in place at the CCC. [doc. 4, paragraph II] However, he then alleges that he did not file a grievance because he did not know the procedure. [*id.*] These allegations are conclusory and of doubtful veracity. Administrative remedies procedures have been mandated by Louisiana law and adopted by the Louisiana Department of Public Safety and Corrections, sheriffs maintaining parish jails or correctional centers, and private corporations maintaining correctional centers. See LSA R.S. 15:1171 *et seq.*; 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002); 28:4 La.Reg. 857. The undersigned has reviewed prisoner complaints originating from CCC and in all instances, other prisoner litigants confined at the CCC have acknowledged the presence of a prisoner grievance procedure at that institution. See, for example: *Derrick Jerome Allen v. Tonya Shipp, et al.*, No. 3:00-cv-01269; *Ramon Moreno v. Sheriff's Dept., Caldwell Parish, et al.*, 3:00-cv-01659; *Johnny Hamilton v. Richard Rodriguez, et al.*, No. 3:01-cv-00836; *Gregory Wayne Craft v. LeBlanc, Inc., et al.*, No. 3:02-cv-01065; *Jerry C. Rogers v. Caldwell Corrections Center, et al.*, No. 3:03-cv-00411; *Mitchell Comeaux v. Caldwell Parish Sheriff's Dept., et al.*, No. 3:04-cv-01575.

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a), which makes the

exhaustion requirement mandatory in prison conditions cases, provides as follows:

> (a) Applicability of Administrative Remedies – <u>No action shall be brought</u> with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>. (Emphasis supplied)

Under current law, plaintiff must exhaust the administrative remedy procedure before proceeding herein. The statute provides for no exceptions. The jurisprudence interpreting the statute clearly mandates completion of the administrative remedies process prior to filing suit. See *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (§1997e(a) "plainly requires that administrative remedies be exhausted <u>before</u> the filing of a §1983 suit, rather than while the action is pending ... [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); See also *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled – that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.")

*4. Conclusion*

Although it is clear that plaintiff's suit could be subject to dismissal on the grounds of failure to exhaust administrative remedies, since it is apparent that plaintiff's claims are frivolous, dismissal on that basis is recommended.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 17th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE